IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD DAVIS, JR.** ) | CIVIL ACTION NO. 22-417 |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| **THE DISTRICT ATTORNEY OF** ) | |
| **ALLEGHENY COUNTY, THE** ) | |
| **ATTORNEY GENERAL OF** ) | |
| **PENNSYLVANIA, and MARK** ) | |
| **CAPOZZA, SUPERINTENDENT,** ) | |
| | |
| Defendants. | |

# MEMORANDUM OPINION

I. Introduction

Gerald Davis, Jr. ("Davis"), a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). Defendants filed an answer (ECF No. 11) and a copy of the state court records (ECF No. 12). This case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D. The magistrate judge filed a Report and Recommendation ("R&R") (ECF No. 16), recommending that the petition be denied and a certificate of appealability be denied. Davis filed timely objections to the R&R (ECF No. 20). The objections will be resolved without further input from Defendants.

II. Factual and Procedural History

Davis challenges the new sentences that were imposed by the Court of Common Pleas of Allegheny County ("state court") on February 19, 2016. Davis explains that he is not challenging his original sentences or the entire resentencing (ECF No. 20 at 4). Instead, he

challenges only the new sentences imposed at count 5 (recklessly endangering another person "REAP") and count 23 (firearms not to be carried without a license), for which he received "no further penalty" in his original sentence.

Davis pleaded guilty to numerous offenses arising out of a series of robberies. In the original sentences imposed on January 18, 2013, Davis received a lengthy aggregate term of imprisonment (22 to 44 years), comprised of consecutive and concurrent sentences at various counts of conviction. No further penalty was imposed at counts 5 and 23. After the original sentence, Davis filed a successful PCRA petition, challenging his mandatory sentences for several of his robbery convictions based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and his case was remanded for resentencing. On remand, the court of common pleas vacated Davis' original sentences and Davis was resentenced to an aggregate term of 17 to 40 years' imprisonment, including 1-2 years at count 5 and 1-2 years at count 23.

Davis appealed and the Pennsylvania Superior Court issued an en banc decision, *Commonwealth v. Fields*, 197 A.3d 1217 (Pa. Super. Ct. 2018). Davis contended that the court, on resentencing, lacked jurisdiction to sentence him to prison on counts 5 and 23, for which he received "no further penalty" in the original sentence. The majority, applying Pennsylvania statutory law, rejected Davis' argument, explaining that 42 Pa. Cons. Stat. § 9543(a)(1)(i) determined a petitioner's eligibility for relief, while § 9545 addressed the court's jurisdiction. *Id.* at 1222-23. The majority opinion concluded that Davis waived his challenge by appealing from the wrong order, but noted that the resentencing did not violate § 9543 because, by filing the original PCRA petition, Davis assumed the risk that his sentence on various counts might be adjusted on resentencing "insofar as was necessary to preserve the integrity of the original sentencing scheme." *Id.* at 1224 (citation omitted). There was a separate opinion in support of reversal ("SOSR"), which agreed with the majority that § 9543 was not jurisdictional (i.e., courts of common pleas may decide PCRA petitions, *id.* at 1226), but concluded that the text of § 9543

2

removed the court's power to resentence Davis on counts for which he was not serving a sentence. *Id.* at 1227-28.

There was a separate opinion in support of affirmance ("SOSA"), which also agreed that § 9543 is not jurisdictional. *Id.* at 1229. The SOSA disagreed with the statutory interpretation of § 9543 in the SOSR and concluded that so long as the defendant was still serving a sentence on the original conviction, the court could vacate it and resentence on all counts, "where those sentences are part of a common sentencing scheme." *Id.* at 1233-34 (citing *Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa. Super. Ct. 1999) (vacating improper sentence on theft by unlawful taking count and reimposing the same sentence for a burglary count for which "no further sentence" was imposed in the original sentence).

To summarize, Davis' resentencing was affirmed. All three en banc opinions rejected Davis' argument that the court lacked jurisdiction to resentence him on counts 5 and 23. The Pennsylvania Supreme Court did not accept an appeal. *Commonwealth v. Fields*, 651 Pa. 593 (2019) (Davis' appeal was consolidated with an appeal by Keith Fields).

Davis filed a PCRA petition challenging the resentencing, which was denied. *See Commonwealth v. Davis*, 262 A.2d 589 (Pa. Super. Ct. 2021). The Superior Court concluded that the PCRA court had authority to vacate Davis' entire original sentence (including counts for which no further penalty was imposed) and to resentence Davis. *Id.* at 600 (citing *Bartrug*).

Davis filed the pending § 2254 petition. Davis argues (for the first time) that the resentencing on counts 5 and 23 violated his federal constitutional rights to Equal Protection and Due Process, because the resentencing court lacked jurisdiction.

III. <u>Standard of Review</u>

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

IV. Legal Analysis

The magistrate judge aptly recited the factual and procedural history and the daunting standard to obtain habeas relief under § 2254, which requires a federal court to overturn the state court's decision. The magistrate judge noted defendants' argument that Davis is trying to recharacterize his state law claim as a federal constitutional claim.

The magistrate judge concluded that Davis is not entitled to relief for two separate reasons: (1) procedural default; and (2) no constitutional violation. With respect to procedural default, the magistrate judge recognized that Davis challenged the "jurisdiction" of the state resentencing court, but concluded that Davis did not fairly present his federal constitutional rights claims to the state court and provided no grounds to excuse the default. (ECF No. 16 at 9-10). With respect to the Equal Protection claim, the magistrate judge concluded that Davis failed to show how he was treated differently from similarly situated defendants. (ECF No. 16 at 11). With respect to the Due Process claim, the magistrate judge concluded that the resentencing was not illegal, because the remand after Davis' original, successful PCRA petition impacted the entire original sentencing scheme. The court of common pleas, therefore, was empowered to vacate the original sentence and to resentence Davis on all counts, even those for which he received "no further penalty" in the original sentences. (ECF No. 16 at 11-12).

The court agrees with and adopts the magistrate judge's analysis. There is no indication on the record that Davis put the state courts on notice that he was pursuing federal constitutional claims and, in any event, the federal constitutional claims lack merit. All the prior state court decisions in this case concluded that the resentencing court had jurisdiction to resentence Davis. This court agrees. Indeed, Davis states that he is not challenging the state court's resentencing except as to counts 5 and 23 (ECF No. 20 at 4). Davis' objections to the state courts' interpretation of § 9543, a state statute, does not entitle him to federal habeas relief under § 2254.

The magistrate judge recommended that a certificate of appealability be denied because Davis did not make a substantial showing of the denial of a federal constitutional right. The court agrees.

V. Conclusion

For the reasons set forth above, Davis' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) will be DENIED. A certificate of appealability will not issue. The magistrate judge's R&R will be adopted as the opinion of the court as supplemented herein.

An appropriate order follows.

August 29, 2023

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge